IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICK OF VIRGINIA
Norfolk Division

**WILLIAM COOPER,**

    **Plaintiff,**

v.                                                           Civil Action No. 2:18cv00534

**ANDREW SAUL,**
**Commissioner of Social Security,**[1]

    **Defendant.**

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Plaintiff, William Cooper ("Cooper"), seeks judicial review of the Social Security Administration's ("SSA" or "The Agency") decision to withhold Cooper's full monthly benefit and deny him back payments in order to recover overpayments Cooper received as a result of a previous fraudulent claim. Am. Compl. 2 (ECF No. 4). The Defendant moved to dismiss, arguing 42 U.S.C. § 405(g) provides no basis for judicial review of Cooper's claim. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No.

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 U.S.C § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

15). For the reasons below, this Report RECOMMENDS the Court GRANT Defendant's Motion to Dismiss, (ECF No. 13), and DISMISS the case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2012, Cooper pled guilty in this court to fraudulently receiving social security benefits. Statement of Facts; Mem. Supp. Mot to Dismiss, Ex. 2, at 1-3 (Statement of Facts, United States v. Cooper, No. 2:11cr93 (E.D. Va. Mar. 6, 2012)); (ECF No. 13-2). In 1980, Cooper had used the name of an acquaintance, William Bernard Cooper, to fraudulently enlist in the United States Army. Id. Starting in 1997, Cooper also used William Bernard Cooper's name, Social Security Number, and birth date to receive Title XVI Supplemental Security Income benefits. Id. at 2-3. Additionally, beginning in April 2008, Cooper used the same alias to obtain Title II Disability Insurance Benefits. Id.

To corroborate these fraudulent claims, Cooper presented a Virginia Driver's License and Department of Veterans Affairs Universal Access identification card that listed his name as William Bernard Cooper. Id. at 3. Between September 1997 and March 2011, Cooper obtained approximately $201,000 in Title II and Title XVI benefits using the fraudulent alias of William Bernard Cooper. Id. As a result of these acts, Cooper was indicted and eventually pled guilty to violating 18 U.S.C. § 641 (theft of government property) and 18 U.S.C. § 1028A (aggravated identity theft). Id. Ex. 1, at 1 (Cooper criminal judgment) (ECF No. 13-1). As part of

2

his sentence, he was ordered by this court to pay towards his restitution at least $50 per month or ten percent of his net income, whichever was higher. The total restitution ordered was $201,295.60. Id. Ex. 3 at 1 (Cooper Restitution Order) (ECF No. 13-3).

In November 2016, after his release from custody, Plaintiff filed for SSI in his own name. The SSA found him disabled and approved his application. Decl. of Michele Fleming-Waters ¶¶ 1-2 (ECF No. 13-4). The notice of approval also stated that Cooper still owed $131,400.60 to the agency for the overpayments from his fraudulent claims. Id. ¶ 2. The agency notified Cooper that it would withhold $4,408, the total of the benefits that were past due from December 2016 through June 2017, to apply to his restitution obligation. Id. Additionally, the agency stated that it would withhold 10% of his monthly SSI payment starting in July 2017 to recover Cooper's fraudulently received overpayments. Id. Cooper was notified that he could appeal the decision by requesting reconsideration within 60 days of the notice. Id. ¶ 3.

Following a subsequent notice of a change in his payment and a statement that 10% would continue to be taken to recover the overpayment, Cooper filed a Request for Reconsideration. Id. ¶ 4. The agency denied Cooper's Request for Reconsideration because "the agency's withholding of 10% of his SSI payments was consistent with the criminal court order for restitution." Id. ¶ 6.

3

Cooper then received a series of conflicting messages from the SSA. In January of 2019, the agency modified the withholding and notified Cooper that they would be withholding 100% of his SSI benefits until his restitution was paid. Id. ¶ 8. The agency stated, "regardless of the amount of the court-ordered restitution, the agency could withhold the full monthly amount pursuant to Social Security law." Id. But on March 2, 2019, the agency sent Cooper another notice stating that it would resume withholding 10% of his benefit instead of the previously stated 100%. Id. ¶ 9. The agency quickly followed this letter with another notice dated March 12, stating that the March 2 notice was an error and that it maintained the right, and intended to withhold 100% of Cooper's SSI benefits to compensate for the overpayment from his previous fraudulent claims. Id. ¶ 10.

Cooper's vaguely worded complaint in this court essentially argues the SSA is violating the court's prior sentencing order by withholding more than the $50.00 monthly or 10% of his income which was ordered by the sentencing judge. He requests the following relief:

1) SSA to refund all back payments awarded to Plaintiff;

2) SSA to stop additional deduction of 10% or greater, so double deductions are not being made;

4

3) SSA to award pain and suffering of $20,000 to cover expenses to landlord, services extended housing, utilities & transportation.

Am. Compl. 2.² Cooper also filed a motion requesting the appointment of counsel (ECF No. 11).³

On March 25, 2019, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13 at 1). Cooper was notified in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K) that he may file a response to Defendant's Motion to Dismiss. (ECF No. 14 at 1). The notice stated that such response must be filed within 21 days and warned Cooper that failure to respond could result in dismissal. Id. Cooper has not filed any response to the Defendant's motion and time has lapsed to do so.

---

² Cooper later sought to increase the demand to $1.5 million and vacate the Agency's withholding order. Pl.'s Mot. to Amend (ECF No. 9). In light of the recommendation contained in this report, the undersigned recommends the court DENY the Motion to Amend as futile for the reasons stated in this Report.

³ The pending Motion for Appointment of Counsel does not state any exceptional basis justifying appointment of counsel in this civil case, and none is presented by the court's review of the record. Accordingly, Cooper's request for counsel is DENIED. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (plaintiff in a civil case must demonstrate "exceptional circumstances" to justify court-appointed counsel); Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).

## II. STANDARD OF REVIEW

The Defendant's Motion to Dismiss first argues the court lacks jurisdiction to entertain these claims. Pursuant to Federal Rule of Civil Procedure 12(b)(1), it is Cooper's burden to prove that this court has subject-matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). To determine this, the court "may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Id.

Defendant's 12(b)(6) motion alternatively argues that Cooper's complaint fails to state a claim for relief. Plaintiff's complaint needs to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility is met when a claim contains factual allegations which would lead the court to infer that the defendant is liable for the alleged wrongdoing. Id. Legal conclusions cannot satisfy this requirement alone, they must be supported by factual allegations. Id. at 679.

## III. ANALYSIS

Cooper does not contest that the SSA overpaid him or that he must make monthly payments to repay the SSA. Id. He only contests the amount that the SSA has decided to withhold from him. Id. Therefore, the question before this court is whether it has

jurisdiction to review the SSA's decision to withhold more than 10% or the entirety from Cooper's monthly benefits, to recover the overpayment.

Judicial review of Social Security cases is limited by 42 U.S.C. § 405(g), which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Thus, when the Commissioner renders a "final decision … made after a hearing to which [Cooper] was a party" then judicial review of the final decision is appropriate. Id. As set forth in 20 C.F.R. § 416.1400(a), to obtain a final decision, a claimant must go through four steps before the Commissioner's decision will be considered final. First, the Agency must make an initial determination. 20 C.F.R. § 416.1400(a). The claimant may then seek reconsideration, and if he is unsatisfied with the reconsideration result, the claimant can seek review by an Administrative Law Judge Id. The final step is review by the Appeals Council, which will render the final decision of the Commissioner. Id. Only final decisions reviewed by the Appeals Council are subject to judicial review. Id.; see also 42 U.S.C. § 405(h) ("No . . . decision of the Commissioner of Social Security shall be reviewed by any

7

person, tribunal, or governmental agency except as herein provided."

Cooper's claim likely fails on the first step because the SSA's withholding decision is not enumerated as an "initial determination" in the agency's governing regulations. 20 C.F.R. § 404.902; see Taylor v. Soc. Sec., No. 4:12cv39, 2013 WL 1098145, at *4 (E.D. Va. Feb. 4, 2013) (holding that court lacked jurisdiction to review SSA decision to withhold 100% of monthly benefits), R&R adopted, 2013 WL 1098103 (E.D. Va. Mar. 14, 2013), aff'd, 528 F. App'x 375 (4th Cir. 2013) (per curiam). Cooper is not contesting the fact that he owes restitution for overpayment, but instead is only contesting the amount being withheld to collect the overpayment. (ECF No. 4 at 1). The amount that the Agency chooses to withhold to recover overpayment is not listed as an "initial determination" in the regulation. Taylor, 2013 WL 1098145, at *4. Thus, while it involves agency action, it is not an initial determination by the Commissioner subject to administrative or judicial review.

Even if the withholding decision were construed as an "initial determination,"[4] this court would still lack jurisdiction under

---

[4] The administrative regulations present some ambiguity regarding whether an SSA decision to withhold 100% of benefits is subject to review in some circumstances. A separate section of the CFR which expressly lists those determinations which are not initial determinations includes decisions to withhold "less than the full amount of your monthly benefit to recover an overpayment." 20

8

§ 405(g) because Cooper did not obtain administrative review or a final determination from the Commissioner. Because Cooper pursued no appeal of the withholding decision, the SSA's action is not a "final determination" pursuant to the process listed in 20 C.F.R. § 416.1400(a).

The agency's communications with Cooper regarding his rights to appeal were inconsistent. It first advised Cooper that he had a right to request review of the withholding decision. Fleming-Waters Decl. ¶ 3. Cooper filed a request which was initially denied. Then, in a letter to Cooper on January 17, 2019, SSA stated that he was not eligible for waiver or appeal of his 100% withholding because the overpayment was the result of fraud. Id. ¶ 7 (citing Program Operations Manual Systems (POMS) GN 02201.055); See also 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. § 416.571. In March 2019, when Cooper's benefit changed, the Agency first advised him (incorrectly) that his withholding would be 10% and that he could request reconsideration. Id. ¶ 9. But SSA almost immediately retracted that letter, writing 10 days later that Cooper's fraud conviction triggered 100% withholding and precluded further administrative review. Id. ¶¶ 8, 10. This letter reiterated that

---

C.F.R. § 404.903(e) Because the SSA is withholding the full amount of Cooper's monthly benefit, this exclusion does not apply. However, as explained infra, Cooper's withholding was not subject to review under SSA policy guidance, and he has not obtained a final decision sufficient to vest this court with jurisdiction under § 405(g).

9

"per Social Security Law, if any payments become due after a fraud conviction against Social Security, we will withhold the full monthly amount." Fleming-Waters Decl. Ex. I (ECF No. 13-13). The agency explained that it intended to withhold the full monthly amount until the overpayment was repaid in full.

Thus, it appears Cooper could not have appealed the Agency action and obtained a final decision from the Commissioner which would be subject to review in this court. But if he did have a right to appeal, his present petition would still fail to state a claim because Cooper did not complete the administrative appeal process. There may have been some initial confusion within the SSA as to Cooper's right to appeal, but as noted above, the agency decision cannot be considered a "final decision" made by the Commissioner after a hearing. Because Cooper has not obtained a final decision by the Commissioner, he may not pursue judicial review under § 405(g). <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977).

### IV. RECOMMENDATION

For the foregoing reasons, this report RECOMMENDS the court DENY Cooper's Motion for Leave to Amend his Complaint (ECF No. 9) as futile, GRANT the Government's Motion to Dismiss (ECF No. 12) for lack of jurisdiction and DISMISS the case without prejudice.

## V.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Cooper is notified that:

1.  Any party may serve on the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Shronce, 727 F.2d 91 (4th Cir. 1984).

11

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and to provide an electronic copy to counsel of record for the Respondent.

                                               /s/
                                        Douglas E. Miller
                                        United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 16, 2019

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing was mailed this date to:

William Cooper
43 Johnson Mill Road
Fredericksburg, VA 22406

Fernando Galindo, Clerk

By _____

Deputy Clerk

_____7/16/19_____, 2019